### W. H. NOBLE v. THE STATE.

No. 1565. Decided November 24, 1897.

**1. Libel—Publication—Business Manager—Evidence.**

On a trial for libel, where it was shown that defendant was the business manager of the paper containing the libel, and the State's evidence further showed that he had admitted writing the libelous article, Held, immaterial whether or not he was responsible for its publication.

**2. Argument of Counsel.**

On a trial for libel, where defendant had testified as a witness on his own behalf, and the district attorney, in his closing argument, said: "The defendant knew his name appeared in this paper as its business manager, and if he did not write or circulate this libel, why did he not come out in this paper or some other paper, the News or Tribune, aye, painted it on the skies, disavowing his connection with such a foul, scurrilous attack upon the characters of gentlemen. But no, he sat still and never opened his mouth." Held, only legitimate inference and deduction, and not improper or an abuse of privilege.

APPEAL from the Criminal District Court of Galveston. Tried below before Hon. E. D. CAVIN.

Appeal from a conviction for libel; penalty assessed, a fine of $100.

This is a companion case to Jones v. State, ante, p. 364. The remarks of the district attorney, which were excepted to, will be found in the second paragraph of the syllabus, supra.

*Wilford H. Smith,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of libel. This is a companion case to Jones v. State (just decided), ante, p. 364. The questions on the indictment are the same in this case as in that, and upon that authority the indictment is held sufficient.

· The only other question that requires consideration is whether or not appellant is guilty of the publication. In regard to defendant's connection with the publication of said article, it is shown that he was the business manager of said paper, and admitted writing the article in question; and it is a disputed fact whether he was in the city of Galveston at the time of its publication—he claiming, and adducing evidence to show, that he was in the city of Dallas at that time. The defendant testified that he did not write the article, and did not cause it to be published, and that his only connection with the paper, as its business manager, consisted in the fact that he solicited advertisements and other financial business going to build up said paper, and for which he received a percentage.

It is not necessary, in the view we take of the case, to discuss the question of his responsibility on account of the fact that he was financial manager of the paper, because the evidence for the State shows that he admitted writing the article. While he denied this, still it was a fact for the jury. They were the judges of the credibility of the witnesses who testified pro and con in regard to this matter, and the jury decided the question adversely to him. If he wrote the article, as he admitted to the witness who testified to that fact, he would be responsible, under the facts of this case. With reference to the remarks of counsel for the State in the closing argument, which were excepted to by appellant's counsel— appellant having taken the stand as a witness on his own behalf—we think the inference or deduction drawn by counsel for the State was legitimate. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing, filed December 6, 1897, was overruled without a written opinion.—Reporter.]